Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Kelsey Schultz (SBN 328159)
kschultz@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HOWARD SCHATZ, as an individual,<br><br>Plaintiff,<br><br>v.<br><br>ALOT, INC., a Delaware Corporation;<br>INUVO, INC., a Nevada Corporation; and<br>DOES 1-10, inclusive,<br><br>Defendants. | Case No.:<br><br>PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT<br><br>JURY TRIAL DEMANDED |

- 1 -

COMPLAINT

Plaintiff, Howard Schatz, by and through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976.

2. This Court has jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue is proper under 28 U.S.C. § 1391(c) and 1400(a) because a substantial part of the acts and omissions giving rise to the claims occurred here.

## PARTIES

4. Plaintiff is an individual residing in Los Angeles, California.

5. Plaintiff is informed and believes and thereon alleges that Defendant ALOT, Inc. is a Delaware corporation with its principal place of business at 500 President Clinton Ave., Suite 300, Little Rock, AR 72201, and is doing business in the state of California and this district.

6. Plaintiff is informed and believes and thereon alleges that Defendant Inuvo, Inc. is a Nevada corporation with its principal place of business at 500 President Clinton Ave., Suite 300, Little Rock, AR 72201, and is doing business in the state of California and this district.

7. Defendants Does 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. Their true names, whether corporate, individual or otherwise, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

8. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship

and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff's proximately caused thereby.

## CLAIMS REGARDING PLAINTIFF'S SUBJECT PHOTOGRAPH

9.  Schatz is an accomplished and critically acclaimed photographer. His works have been exhibited in museums and photography galleries internationally and are included in innumerable private collections. Schatz's editorial work has been published in magazines around the world, including Time, Sports Illustrated, Vogue, Vogue Italia, GQ Italia, The New York Times Magazine, The New Yorker, Stern, Life, Black/White, American Photo, Photo France, and Photo Italia. He has received international acclaim for his work and has won virtually every award in his field including numerous "Photographer of the Year" awards and Gold Medals in the most prestigious competitions. His work has been published in twenty-two monographs.

10. Plaintiff owns an original photograph depicted in **Exhibit A** hereto (the "Subject Photograph"), which was registered with the United States Copyright Office on April 20, 2007 with the Registration Number VAu000740418. Plaintiff is the sole owner of the exclusive rights to the Subject Photograph.

11. Plaintiff is informed and believes and thereon alleges that following its publication and display of the Subject Photograph, Defendants, DOE Defendants, and each of them used the Subject Photograph without Plaintiff's authorization for commercial purposes in various ways, including, but not limited to, the use on websites such as https://living.alot.com/entertainment/30-largest-athletes-in-the-world--17392 depicted in **Exhibit B** hereto.

12. Plaintiff did not consent to the aforementioned use of the Subject Photograph.

# FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

13. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

14. Plaintiff alleges on information and belief that Defendants, and each of them, accessed the Subject Photograph by without limitation, viewing the Subject Photograph on Plaintiff's website or social media profiles, on other sites online, or in physical publications. The identicality of the copying also show access.

15. Plaintiff alleges on information and belief that Defendants, and each of them, copied, reproduced, displayed, and distributed the Subject Photograph online as seen in the screen captures attached hereto as **Exhibit B**.

16. Plaintiff alleges on information and belief that Defendants, and each of them, infringed Plaintiff's copyrights by creating infringing derivative works from the Subject Photograph and publishing same to the public.

17. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

18. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photograph. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Photograph in an amount to be established at trial.

19. Plaintiff alleges on information and belief that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

**SECOND CLAIM FOR RELIEF**

(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

20. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

21. Plaintiff alleges on information and belief that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photograph as alleged hereinabove. Such conduct included, without limitation, publishing photographs obtained from third parties that Defendant(s) knew, or should have known, were not authorized to be published by Defendant(s); publishing the Infringing Content on affiliate, third-party, and social media sites; and distributing the Infringing Content to third-parties for further publication.

22. Plaintiff alleges on information and belief that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, received revenue in connection with the Infringing Content, and were able to supervise the distribution, broadcast, and publication of said content.

23. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered general and special damages in an amount to be established at trial.

24. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photograph. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of their rights in the Subject Photograph, in an amount to be established at trial.

25.     Plaintiff alleges on information and belief that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

### THIRD CLAIM FOR RELIEF

(For Violations of the 17 U.S.C. §1202 – Against all Defendants, and Each)

26.     Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

27.     The Subject Photograph was routinely published with attribution, credit, and other copyright management information identifying Plaintiff as the author,

28.     Plaintiff alleges on information and belief that Defendants, and each of them, removed Plaintiff's copyright management information, as described above, from the Subject Photograph, and/or added false copyright management information to the Subject Photograph, before distributing and publishing same.

29.     Plaintiff alleges on information and belief that Defendants, and each of them, distributed and published the Subject Photograph on website(s), including but not limited those sites reflected in **Exhibit A** hereto bearing its own name, and removing Plaintiff's attribution information, including without limitation his name.

30.     The aforementioned facts constitute "copyright management information" as that phrase is defined in 17 U.S.C. § 1202(c) and is false.

31.     When Defendants distributed and published the Subject Photograph, they knowingly provided and/or distributed false copyright management information in violation of 17 U.S.C. § 1202(a). As a result of the foregoing, Plaintiff has been damaged and may recover those damages as well as Defendants' profits, and/or statutory damages, and attorneys' fees under 17 U.S.C. § 1203.

# PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

**Against all Defendants, and Each, with Respect to Each Claim for Relief:**

a. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiff's copyrights in the Subject Photograph, including without limitation an order requiring Defendants, and each of them, to remove any content incorporating, in whole or in part, the Subject Photograph from any print, web, or other publication owned, operated, or controlled by any Defendant.

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under the 17 U.S.C. § 504 and other applicable law.

c. That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Plaintiff's intellectual property rights;

d. That Plaintiff be awarded his attorneys' fees as available under the Copyright Act U.S.C. § 505 and/or §1203;

d. That Plaintiff be awarded his costs and fees;

e. That Plaintiff be awarded statutory and enhanced damages;

f. That Plaintiff be awarded pre-judgment interest as allowed by law; and

h. That Plaintiff be awarded further legal and equitable relief as deemed proper.

///

///

**Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.**

Respectfully submitted,

Dated: August 4, 2021  By: */s/ Stephen M. Doniger*
Stephen M. Doniger, Esq.
Kelsey Schultz, Esq.
DONIGER / BURROUGHS
For the Plaintiff

# EXHIBIT A



COMPLAINT

# EXHIBIT B



[https://living.alot.com/entertainment/30-largest-athletes-in-the-world—17392]